UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MIGUEL SALOMON,

                  Plaintiff,

            -against-

4221 HYLAN BOULEVARD CORP. d/b/a
PORTOBELLO CAFE and ADAM LENER,

                  Defendants.
-----------------------------------------------------------------------X

**No. 20 Civ. 1743**

**COMPLAINT**

      Plaintiff Miguel Salomon ("Plaintiff" or "Salomon"), by his attorneys Pechman Law Group PLLC, complaining of Defendants 4221 Hylan Boulevard Corp. ("Portobello Cafe") and Adam Lener (collectively, "Defendants"), alleges:

## NATURE OF THE ACTION

      1.    Salomon worked at Portobello Cafe, an Italian restaurant in Staten Island, from approximately July 2005 to October 2019. Throughout his employment, Defendants paid Salomon on a weekly salary basis even though he regularly worked well in excess of forty hours per workweek and did not perform managerial duties.

      2.    Salomon brings this action to recover his unpaid overtime wages and spread-of-hours pay, liquidated damages, statutory damages arising out of Defendants' failure to furnish him with weekly wage statements, pre- and post-judgment interest, and attorneys' fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the New York Labor Law § 190, *et seq.* ("NYLL"), and the Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3. This court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiff's claims under the NYLL and WTPA pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendants, because they operate out of and do business primarily in Staten Island at Portobello Cafe.

## VENUE

5. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 because all events relevant to this action occurred at Portobello Cafe, which is located and operated by Defendants in the Eastern District of New York.

## THE PARTIES

**Plaintiff Miguel Salomon**

6. Miguel Salomon resides in Staten Island, New York.

7. Salomon was employed by Defendants at Portobello Cafe making desserts and salads, doing prep work, cleaning, and dishwashing tasks from approximately July 2005 through October 2, 2019.

**Defendant 4221 Hylan Boulevard Corp.**

8. Defendant 4221 Hylan Boulevard Corp. is a New York corporation that throughout Plaintiff's employment owned and operated Portobello Cafe, located at 4221 Hylan Boulevard, Staten Island, New York 10308.

9. Throughout Plaintiff's employment, Defendant 4221 Hylan Boulevard Corp. had employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

10. Within the three years prior to the filing of this Complaint, Defendant 4221 Hylan Boulevard Corp. has had an annual gross volume of sales in excess of $500,000.

**Defendant Adam Lener**

11. Adam Lener is Executive Chef and owner of Portobello Café.

12. As Executive Chef, Lener's duties include, but are not limited to, supervising all workers at Portobello Cafe.

13. Lener hired Salomon.

14. Lener decided Salomon's schedule.

15. Lener determined Salomon's rate of pay and the raises he received.

16. Lener directed and instructed Salomon on how to perform his work duties, including how to prepare dishes.

17. Throughout Salomon's employment, Lener regularly distributed Salomon's weekly payment to him in cash.

18. Throughout Salomon's employment, Lener had the power and authority to change Salomon's pay basis and amounts of wages.

19. Throughout Salomon's employment, Lener had the power and authority to discipline Salomon for poor work performance, dismiss Salomon from work on any given workday, and terminate Salomon's employment.

20. Lener exercised sufficient control over Portobello Café's operations and Salomon's employment to be considered his employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

21. Throughout his employment, Salomon was responsible for preparing salads, desserts, and antipastos. He also regularly did prep work, dishwashed, and cleaned and swept the restaurant.

22. Throughout his employment, Salomon did not interview, discipline, hire, or fire any employee.

23. Throughout his employment, Salomon did not direct or instruct the work duties of other employees.

24. Throughout his employment, Defendants paid Salomon on a weekly salary basis in cash, without an accompanying wage statement.

25. From approximately 2011 to 2015, Defendants paid Salomon a weekly salary of $550.

26. In approximately 2016, Defendants paid Salomon a weekly salary of $625.

27. From approximately 2017 through the remainder of his employment, until October 2019, Defendants paid Salomon $700 per week.

28. Throughout his employment, Salomon regularly worked approximately 67.5 hours per workweek, Friday from approximately 11:00 a.m. to 12:00 a.m., Saturday from approximately 12:00 p.m. to 12:00 a.m., Sunday from approximately 2:00 p.m. to 10:00 p.m. or 10:30 p.m., and three other days in the workweek from approximately 11:00 a.m. to 10:00 p.m. or 11:00 p.m.

### FIRST CLAIM
### (FLSA – Unpaid Overtime Wages)

29. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

30. Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

31. Defendants were required to pay Plaintiff one and one-half (1½) times the regular rate at which Plaintiff was employed, and which must equal at least the

minimum wage, for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

32. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

33. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

34. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## SECOND CLAIM
### (NYLL – Unpaid Overtime Wages)

35. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

36. Plaintiff is a covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations, including but not limited to 12 N.Y.C.R.R. Part 146.

37. Under the NYLL and supporting NYDOL Regulations, Defendants were required to pay Plaintiff one and one-half times the regular rate of pay, which is equal to at least the minimum wage, for all hours he worked in excess of forty in a workweek.

38. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL.

39. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

40. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

### THIRD CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

41. Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

42. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff's shift spread over more than ten hours.

43. By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated Section 650 *et seq.*, of the NYLL and its supporting NYDOL Regulations, including, but not limited to, 12 N.Y.C.R.R. § 146–1.6.

44. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

### FOURTH CLAIM
### (NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements)

45. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

46. The NYLL and WTPA require employers to provide employees with an accurate wage statement each time they are paid wages.

47. Defendants failed to furnish Plaintiff with each payment of wages with an statement accurately reflecting: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

48. Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1–d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a. declaring that Defendants have violated the overtime wage provisions of the FLSA, NYLL, and NYDOL Regulations;

b. declaring that Defendants violated the spread-of-hours pay provision of the NYLL and NYDOL Regulations;

c. declaring that Defendants violated the wage statement provisions of the NYLL and WTPA;

d. declaring that Defendants' violations of the FLSA and NYLL were willful;

e. awarding Plaintiff unpaid overtime wages;

f. awarding Plaintiff unpaid spread-of-hours pay;

g. awarding Plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due;

h. awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage statements pursuant to the NYLL and WTPA;

i. awarding Plaintiff pre- and post-judgment interest under the NYLL;

    j.  awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

    k.  awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
     April 8, 2020

            PECHMAN LAW GROUP PLLC

           By: _____
             Louis Pechman
             Gianfranco J. Cuadra
             488 Madison Avenue, 17th Floor
             New York, New York 10022
             Tel.: (212) 583-9500
             pechman@pechmanlaw.com
             cuadra@pechmanlaw.com
             *Attorneys for Plaintiff*