UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

№ 20-CV-1743 (LDH) (RER)

---

MIGUEL SALOMON,

Plaintiff,

VERSUS

4221 HYLAN BOULEVARD CORP. D/B/A PORTOBELLO CAFÉ AND ADAM LENER,

Defendants.

---

**REPORT & RECOMMENDATION**

May 7, 2021

---

**TO THE HONORABLE LASHANN DEARCY HALL**
**UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff Miguel Salomon ("Salomon" or "Plaintiff") brings this action against Defendants, 4221 Hylan Boulevard Corporation and Adam Lener ("Lener") (collectively, "Defendants") alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"); the New York Labor Law §§ 190 *et seq*. ("NYLL"); and the New York Codes, Rules and Regulations title 12 § 142 *et seq*. and § 146 *et seq*. Presently before the Court is Plaintiff's Motion for Default Judgment. For the reasons set forth below, I respectfully recommend that Plaintiff's Motion for Default Judgment be granted in part, and that judgment be entered against Defendants, jointly and severally, for $464,943.44, itemized as follows: (1) $190,163.38 in compensatory damages; (2) $190,163.38 in liquidated damages; (3) $74,226.87 in pre-judgment interest through

May 7, 2021, to increase by $46.89 for each day thereafter; (4) $5,000 in statutory damages under the NYLL; (5) $4,825 in attorneys' fees; (5) $564.81 in costs; and (6) post-judgment interest from the date of entry of judgment in accordance with 28 U.S.C. § 1961(a).

**BACKGROUND**

**A. Factual Background**

4221 Hylan Boulevard, a New York Corporation, owns and operates the Portobello Café ("the restaurant") in Staten Island, New York. (Dkt. No. 19 ("Pl.'s Aff.") ¶ 3; Dkt. No. 1 ("Compl.") ¶ 1). Lener is the Chief Executive Officer of the corporation and the owner and Executive Chef of the restaurant. (Pl.'s Aff. ¶¶ 7–8; Compl. ¶¶ 11–12). According to Plaintiff, the restaurant had approximately twenty employees and had annual sales in excess of $500,000 in each of the three years preceding the filing of the Complaint. (Pl.'s Aff. ¶¶ 3, 5-6; Compl. ¶ 10).

Lener, who was responsible for hiring and supervising all restaurant employees, hired Plaintiff in 2005. (Pl.'s Aff. ¶¶ 9-15; Compl. ¶¶ 13-20). From approximately July 2005 until October 2, 2019, Plaintiff worked as a dishwasher and cook. (Pl.'s Aff. ¶¶ 2, 11; Compl. ¶ 13). Plaintiff did not supervise other employees. (Pl.'s Aff. ¶ 4)

Throughout Plaintiff's employment, Lener served as his direct supervisor. (Pl's Aff. ¶ 11; Compl. ¶12). Lener set Plaintiff's schedule and wage rates, supervised and instructed his daily duties, distributed Plaintiff's pay, and had the authority to discipline and fire Plaintiff. (Pl.'s Aff. ¶¶ 9-15; Compl. ¶¶ 12-20).

Plaintiff alleges that he worked approximately 67.5 hours every week[1], and that he was paid a fixed weekly salary as follows:

[1] Specifically, Plaintiff claims that he "regularly worked Friday from approximately 11:00 a.m. to 12:00 a m., Saturday from approximately 12:00 p.m. to 12:00 a.m., Sunday from approximately 2:00 p.m. to 10:00 p m. or 10:30 p m., and three other days in the workweek from approximately 11:00 a m. to 10:00 p.m. or 11:00 p m." (Pl.'s Aff. ¶ 16; Compl.

| Date | Salary |
|---|---|
| January 1, 2011 - December 31, 2015 | $550/week |
| January 1, 2016 – December 31, 2016 | $625/week |
| January 1, 2017 – October 2, 2019 | $700/week |

According to Plaintiff, Defendants did not pay him an overtime premium for hours worked in excess of forty each week; or a spread-of-hours pay for days that he worked over ten hours. (Pl.'s Aff. ¶¶ 16–17, 23; Compl. ¶¶35–39, 41–44). Plaintiff further alleges that he was paid in cash each week and was never provided with weekly written statements of his wage rates or hours worked. (Pl.'s Aff. ¶¶24–25; Compl. ¶¶ 45–48).

**B. Procedural History**

Plaintiff commenced this action on April 8, 2020. Plaintiff seeks actual, liquidated, and statutory damages for: (1) unpaid overtime wages; (2) unpaid spread of hours pay; and (3) failure to provide wage statements. (*See generally* Compl.; Pl.'s Mem.) Upon Defendants' failure to answer or otherwise respond to the Complaint, Plaintiff requested a certificate of default, (Dkt. No. 13); and on August 14, 2020, default was entered against Defendants. (Dkt. No. 14). On September 30, 2020, Plaintiff filed this Motion for Default Judgment.[2] (Dkt. No. 17). Your Honor referred the motion to me for a report and recommendation. (Order dated Oct. 1, 2020).

¶ 28). Further, Plaintiff did not work on Thanksgiving, Christmas Day, New Year's Day, and the Fourth of July. (Pl.'s Aff. ¶ 18). He also typically had an extra day off (he worked five days instead of six) approximately every three months. (*Id.*)

[2] Under Local Rule 55.2(b)-(c), a "party seeking a judgment by default . . . shall append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment," and must mail these three items to the last known residential address (for an individual) or last business address (if a person other than an individual) of the defaulting party. Here, Plaintiff failed to include a proposed judgment. Plaintiff's attorney claims that a proposed judgment "was attached to [Dkt. No. 18] as Exhibit 10." (Dkt. No. 17 ("Pl.'s Mem.") at 23). However, an Exhibit 10 was not uploaded, and a proposed judgment was not

## DISCUSSION

### I. Default Judgment Standard

"Default judgments are 'generally disfavored and are reserved for rare occasions.'" *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96(2d Cir. 1993). "A default serves as the defendant's admission that the complaint's well-pleaded factual allegations are true." *Lopez v. 1923 Sneaker, Inc.*, 18-CV-3828 (WFK) (RER), 2021 U.S. Dist. LEXIS 43615, at *9 (E.D.N.Y. Mar. 5, 2021), *R & R adopted by* 2021 U.S. Dist. LEXIS 67238 (Apr. 6, 2021); *see also Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (after default the "court is required to accept all of the [plaintiff's] [well-pleaded] allegations as true and draw all reasonable inferences in its favor."). It remains the responsibility of the court, however, "to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Rolls-Royce PLC v. Rolls-Royce, USA Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).

### II. Liability

For the sake of brevity and given Your Honor's familiarity with the applicable law, suffice it to say that I have carefully reviewed the Complaint and Plaintiff's submissions in support of his

---

submitted in any of Plaintiff's other filings. Further, although there is an individual and corporate defendant, only one mailing was sent, and it was to the individual's name c/o the corporation's address. (Dkt. No. 20). The Court notes that both Defendants received service of process at this address. (Dkt. Nos. 10-11). Courts have broad discretion to overlook such non-compliance. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001). "Because the non-compliance here is minor and would not prevent [Defendant] from receiving notice of the motion, Plaintiff's failure to comply fully with Local Rule 55.2 is excused." *See Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds v. Coastal Envtl. Grp., Inc.*, No. 18-CV-5791 (LDH) (SJB), 2019 U.S. Dist. LEXIS 149768, at *11 n.7 (E.D.N.Y. Aug. 30, 2019) (citing *Gustavia Home, LLC v. Vaz*, No. 17-CV-5307 (ILG) (RER), 2019 U.S. Dist. LEXIS 133730, at *4 (E.D.N.Y. Aug. 8, 2019) ("Plaintiff did provide notice of its request for default and motion for default judgment to each of the Defaulting Defendants, and the complaint itself provides fair notice of the kind of judgment that Plaintiff seeks[.] Under these . . . circumstances, the Court will excuse Plaintiff's failure to abide by Local Civil Rule 55.2").

Motion for Default Judgment, and in light of the default Plaintiff's submissions establish that Defendants are jointly and severally liable under both statutes for the violations alleged.[3]

### III. Damages

"Although a 'default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability,' it does not reach the issue of damages." *Elisama v. Ghzali Gourmet Deli, Inc.*, No. 14 Civ. 8333 (PGG) (DF), 2016 U.S. Dist. LEXIS 58833, at *9 (S.D.N.Y. Apr. 29, 2016), *R & R adopted by* 2018 U.S. Dist. 175536 (Oct. 10, 2018) (citations omitted). (quoting *Bambu Sales, Inc. v. Ozark Trading, Inc*. 58 F.3d 849, 854 (2d Cir. 1995)). "Once liability has been established, a plaintiff must provide evidence establishing the amount of damages with reasonable certainty." *Rojas v. SH Gen. Contr. Corp*., No. 18 Civ 10253 (VSB) (RWL), 2019 U.S. Dist. LEXIS 186678, at *15 (S.D.N.Y. Oct. 25, 2019), *R & R adopted by* 2019 U.S. Dist. LEXIS 206237 (Nov. 25, 2019). Under Rule 55 of the Federal Rules of Civil Procedure, the Court "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . .

[3] Defendants are jointly and severally liable under the FLSA and NYLL for the following reasons. **First**, the restaurant and Lener were Plaintiff's employers and were subject to the FLSA and NYLL. (Compl. ¶ 9-20; Pl.'s Aff. ¶¶ 5-15; *see also, e.g.* 29 U.S.C. §§ 203(s)(1), 207; *Cabrera v. Canela*, 412 F. Supp. 3d 167, 173 (E.D.N.Y. 2019), *adopting*, 2019 U.S. Dist. LEXIS 38775 (E.D.N.Y. March 8, 2019); *Rocha v. Bakhter Afghan Halal Kababs, Inc.*, 44 F. Supp. 3d 337, 342 (E.D.N.Y. 2014) (quoting 29 U.S.C. § 206(a) and § 207(a)(1)); *Shim v. Millennium Grp.*, No. 08-CV-4022 (FB) (VVP), 2010 U.S. Dist. LEXIS 6407, at *2 (E.D.N.Y. Jan. 27, 2010) ("if the individual defendants are 'employers' under the FLSA they will be jointly and severally liable to the plaintiffs"); *Godwin v. Buka N.Y. Corp*., 20-CV-969 (RPK) (CLP), 2021 U.S. Dist. LEXIS 30478, at *12 (E.D.N.Y. Feb. 17, 2021) (citing *Rodriguez v. Almighty Cleaning, Inc*., 784 F. Supp 2d 114, 128 (E.D.N.Y. 2011) ("[i]individuals may be held jointly and severally liable under the NYLL if they meet the statute's definition of an employer.")). **Second**, Plaintiff was a non-exempt employee who is covered by the FLSA and NYLL. (Compl. ¶¶ 1, 2, 7, 11-20; Pl.'s Aff. ¶¶ 2, 4-15; *see also, e.g.*, 29 U.S.C. § 203(e)(1); *Elvey v. Silver's Crust West Indian Rest. & Grill, Inc.*, No. 18-CV-126 (FB) (VMS), 2019 U.S. Dist. LEXIS 112908, at *13 (E.D.N.Y. July 3, 2019), *R & R adopted by* 2019 U.S. Dist. LEXIS 141034 (Aug. 20, 2019); *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 32-33 (E.D.N.Y. 2015). **Third**, Plaintiff has sufficiently alleged liability for: (1) unpaid overtime wages (Pl.'s Aff. ¶¶ 16-18, 23; Compl. ¶¶ 32, 38; *see also* 29 U.S.C. § 207(a)(1); N.Y. COMP. CODES. R. & REGS. tit. 12 § 142-2.2; *Yuquilema v. Manhattan's Hero Corp.*, No. 13 Civ. 461 (WHP) (JLC), 2014 U.S. Dist. LEXIS 120422, at *3 (S.D.N.Y. Aug. 26, 2014), *R & R adopted by* 2014 U.S. Dist. LEXIS 139061 (Sept. 30, 2014)); (2) unpaid spread of hours compensation under the NYLL (Pl.'s Aff. ¶¶ 16, 19; Compl. ¶ 42-43; Pl.'s Mem. at 10-11; *see also Xin Long Lin v. New Fresca Tortillas, Inc.*, No. 18-CV-3246 (RJD) (RER), 2019 U.S. Dist. LEXIS 74505, at *8 (E.D.N.Y. May 1, 2019), *R & R adopted by* 2019 U.S. Dist. LEXIS 95197 (May 28, 2019); N.Y. COMP. CODES. R. & REGS. tit. 12 § 146-1.6(a)); and (3) failure to provide wage statements in violation of the NYLL. (Pl.'s Aff. ¶ 25; Compl. ¶ 47).

determine the amount of damages [or] establish the documentary evidence can suffice." "However, a hearing is not always required, as detailed affidavits and other documentary evidence can suffice." *Kliger v. Liberty Saverite Supermarket*, No. 17-CV-2520 (FB) (ST), 2018 U.S. Dist. LEXIS 159450, at *15 (E.D.N.Y. Sept. 17, 2018) (citing *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d. Cir. 1991)). Here, the Complaint, Plaintiff's Affidavit and the other filings are sufficiently detailed to determine damages and a hearing is not necessary.[4]

**A. Plaintiff's Prepared Damages Calculations Chart**

Plaintiff has prepared a detailed chart laying out the damages sought for overtime wages and spread of hour pay. (Dkt. No. 18-5 ("Damages Calculation Chart")). The chart contains each pay period from April 8, 2014 until October 2, 2019. I have reviewed the calculations on the Damages Calculation Chart and compared them with the allegations set forth in Plaintiff's Complaint and Affidavit. The weekly salaries and hours worked in the Chart correctly correspond with those alleged in the pleadings. (*Compare* Compl. ¶¶ 25-27; Pl.'s Aff. ¶¶ 18-22, *with* Dkt. No. 18-5). Therefore, I have used Plaintiff's calculations as the basis for calculating damages.[5]

**B. Calculation of Overtime Damages**

Both the FLSA and NYLL entitle an employee to "a rate [of pay] not less than one and one-half times the regular rate at which he is employed" for all hours worked in excess of forty

---

[4] "The statute of limitations under the FLSA is two years, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." *Rosario v. Valentine Ave. Discount Store, Co.*, 828 F. Supp. 2d 508, 519 (E.D.N.Y. 2011) (quoting 29 U.S.C. § 255(a)). The statute of limitations for a NYLL claim is six years. N.Y. LAB. Law § 198(3). "Where a plaintiff is entitled to damages under both federal and state wage law, a plaintiff may recover under the statute which provides the greatest amount of damages." *Elisama*, 2016 U.S. Dist. LEIXS 58833, at * 13 (S.D.N.Y. Apr. 29, 2016), Here, "[i]n light of the FLSA's shorter statute of limitations period . . . Plaintiff's damages under the NYLL are greater than the damages to which he would be entitled under the FLSA." *Elvey*, 2019 U.S. Dist. LEXIS 112908, at *26. Accordingly, I will calculate Plaintiff's damages from April 8, 2014, six years before he filed the original Complaint. *See Rana v. Islam*, 887 F.3d 118, 119 (2d Cir. 2018) ("When two forms of damages are available for the same violation, courts generally award the higher of the two."); *Elisama*, 2016 U.S. Dist. LEIXS 58833, at *13 ("Where a plaintiff is entitled to damages under both federal and state wage law, a plaintiff may recover under the statute which provides the greatest amount of damages.") (citations omitted).

[5] In accordance with Plaintiff's calculations, monetary amounts were rounded to two decimal places.

hours per week. 29 U.S.C. § 207(a)(1); N.Y. COMP. CODES. R. & REGS. tit. 12 § 142-2.2; *see also Yuquilema*, 2014 U.S. Dist. LEXIS 120422, at *3 ("Both federal and state law [] mandate that an employee be paid at a rate not less than one-and-a-half times the regular rate for any time worked beyond the first 40 hours per week."). An employee bringing an action for unpaid overtime compensation bears the burden of proving that he was not properly compensated for work performed. *See Elisama*, 2016 U.S. Dist. LEIXS 58833, at * 9 (citing *Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680, 687 (1946), *superseded on other grounds* by The Portal-to-Portal Act of 1947, 29 U.S.C. § 251, *et seq*.) Where, as here, the employer has defaulted, the employee's "recollection and estimates of hours worked are presumed to be correct." *Santillian*, 822 F. Supp. 2d at 294. Accordingly, Plaintiff's recollection of the hours he worked, as set forth in his Affidavit and Complaint, will be used to calculate damages.

"Unpaid overtime wages are calculated by first determining the employee's regular hourly rate, and then multiplying by 1.5." *Pichardo v. El Mismo Rincon Latino Corp*., 17 Civ. 7439 (FB) (SJB), 2018 U.S. Dist. LEXIS 134792, at *14 (E.D.N.Y. Aug. 7, 2018). Overtime claims under the NYLL pertaining to hospitality employees, including those working at restaurants, are governed by the Hospitality Industry Wage Order ("Hospitality Order"). *Id*.; N.Y. COMP. CODES. R. & REGS. tit. 12 § 146. The Hospitality Order provides that "[i]f an employer fails to pay an employee an hourly rate of pay, the employee's regular hourly rate of pay shall be calculated by dividing the employee's total weekly earnings . . . by the lesser of 40 hours or the actual number of hours worked by the employee during the work week." N.Y. COMP. CODES. R. & REGS. tit. 12 § 146-3.5(b); *see e.g. Chocolatl v. Rendezvous Café, Inc*., 18-CV-3372 (CBA) (VMS), 2019 U.S. Dist. LEXIS 140233, at *25 (E.D.N.Y. Aug. 16, 2019). Here, Plaintiff was employed by a restaurant and regularly worked 67.5 hours per week. (Compl. ¶ 1). Using the method set forth by

the Hospitality Order, N.Y. COMP. CODES. R. & REGS. tit. 12 § 146-3.5(b), "Plaintiff's regular rate of pay is calculated by dividing his weekly earnings by forty hours ('the lesser of 40 hours or the actual number of hours worked by the employee during the workweek')." *Chocolatl*, 2019 U.S. Dist. LEXIS 140233, at *25. Therefore, Plaintiff's hourly rates and overtime rates are calculated as follows:

| Date Range | Weekly Salary | Calculated Hourly Rate[6] | Calculated Overtime Rate[7] |
|---|---|---|---|
| April 8, 2014 – December 31, 2015 | $550/week | $13.75/hour | $20.63/hour |
| January 1, 2016 – December 31, 2016 | $625/week | $15.63/hour | $23.45 |
| January 1, 2017 – October 2, 2019 | $700/week | $17.50/hour | $26.25/hour |

I have reviewed the calculations submitted and find them to be accurate. I therefore respectfully recommend that Plaintiff be awarded $175,224.63 in overtime wages.

**C. Spread of Hours**

As a restaurant worker, Plaintiff was entitled to an additional hour of pay at the basic minimum wage rate each day that he worked in excess of ten hours. N.Y. COMP. CODES. R. & REGS. tit. 12 § 146-1.6(a); *see e.g., Zhang v. Red Mt. Noodle House, Inc.*, No. 15-CV-628 (SJ) (RER), 2016 U.S. Dist. LEXIS 87650, at *9 (E.D.N.Y. July 5, 2016), *R & R adopted by* 2016 U.S. Dist. LEXIS 101117 (Aug. 2, 2016). The New York state minimum wage for the relevant periods of Plaintiff's employment were as follows:

[6] 550 / 40 = $13.75; 625 / 40 = $15.63; 700 / 40 = $17.50.

[7] $13.75 X 1.5 = $20.63; $15.63 X 1.5 = $23.45; $17.50 X 1.5 = $26.25

| Date | Minimum Wage[8] |
|---|---|
| April 8, 2014 – December 30, 2014 | $8/hour |
| December 31, 2014 – December 30, 2015 | $8.75/hour |
| December 31, 2015 – December 30, 2016 | $9/hour |
| December 31, 2016 – December 30, 2017 | $11/hour |
| December 31, 2017 – December 30, 2018 | $13/hour |
| December 31, 2018 – October 2, 2019 | $15/hour |

The Damages Calculation Chart provided by Plaintiff correctly calculates spread of hours compensation owed. Accordingly, I respectfully recommend that Plaintiff be awarded $14,938.75 for spread of hours wages.

**D. Liquidated Damages Under the NYLL**

Plaintiff also seeks liquidated damages for unpaid wages under the NYLL. (Pl.'s Mem. at 15). "The NYLL provide[s] for liquidated damages for wage-claim violations, calculated in an amount equal to 100% of the wage underpayments." *Godwin*, 2021 U.S. Dist. LEXIS 30478, at *24 (citing 29 U.S.C. § 216(b); N.Y. LAB. L. §§ 198(1-a), 663(1)); *see also Tacuri v. Nithun Constr. Co.*, No. 14-CV-2908 (CBA) (RER), 2015 U.S. Dist. LEXIS 22074, at *11 (E.D.N.Y. Feb. 24, 2015) (citing N.Y. LAB. L. § 663(1)) ("For all NYLL claims that occurred on and after April 9, 2011, the employer is liable for liquidated damages equal to one hundred percent of the total amount of wages found to be due.").

[8] The wage information is from the New York Senate website https://www.nysenate.gov/legislation/laws/LAB/652. The Court may take judicial notice of information retrieved from official government websites, including the website of the New York State Senate. *J & J Sports Prods. v. Brentwood Veteran War Mem.*, Inc., No. 17-CV-6833 (ADS) (GRB), 2019 U.S. Dist. LEXIS 148590, at n. 9 (E.D.N.Y. Aug. 30, 2019). The minimum wage rates used here are based upon the minimum wage set for New York City employers that have more than eleven employees.

Accordingly, Plaintiff is entitled to $190,163.38 in liquidated damages.[9]

**E. Pre and Post-Judgment Interest**

Plaintiff also seeks pre-judgment interest under the NYLL. "The NYLL permits the award of both liquidated damages and pre-judgment interest." *Fermin*, 93 F. Supp. 3d at 38. "Pursuant to [New York] state law, a successful plaintiff may receive prejudgment interest at a rate of nine percent per year." *Elisama*, 2016 U.S. Dist. LEXIS 58833, at * 9 (quoting *Najnin v. Dollar Mt., Inc*., 14 Civ. 5758, 2015 U.S. Dist. LEXIS 141811, at *8–9 (S.D.N.Y. Sept. 25, 2015) (citing N.Y. C.P.L.R. §§ 5001, 5004). Where, as here, "the plaintiff's damages were incurred at various times, interest may be computed from a 'single reasonable intermediate date' between the dates on which the plaintiff started and stopped incurring damages." *Najnin*, 2015 U.S. Dist. LEXIS 141811, at *8–9 (citing *Tackie v. Keff Enter. LLC*., No. 14 Civ. 2074 (JPO), 2014 U.S. Dist. LEXIS 130148, at *6 (S.D.N.Y. Sept. 16, 2014)). "In wage and hour cases, the midpoint of the plaintiff's employment within the limitations period is commonly considered a reasonable choice." *Najnin*, 2015 U.S. Dist. LEXIS 141811, at *9. Therefore, as Plaintiff suggests, simple prejudgment interest is calculated by multiplying the principal by the interest rate by the time period from a singular, midpoint date of accrual of damages up until and including the date judgment is entered. *Cortez v. 8612 Best Coffee Shop, Inc*., 13-CV-3095 (RRM) (RML), 2015 WL 10709830, at *8 (E.D.N.Y. Aug. 14, 2015).

Using the simple interest formula, Plaintiff is entitled to prejudgment interest at a rate of $46.89 per day.[10] Plaintiff suggests, and this Court accepts, that a reasonable intermediate date from which to calculate accrual of that interest is January 6, 2017, the midpoint of the dates

---

[9] $175,224.63 unpaid overtime wages + $14,938.75 spread of hours wages = $190,163.38

[10] ($190,163.38 unpaid overtime wages X .09) / 365 = $46.89

between which the unpaid overtime wages accrued. From January 6, 2017 through the date of this report and recommendation, May 7, 2021, the prejudgment interest due to Plaintiff totals $74,226.87.[11] I respectfully recommend that the Court grant Plaintiff that amount, plus an additional $46.89 per day for all days until the Court enters judgment.

Plaintiff is also entitled to post-judgment interest pursuant to 28 U.S.C. § 1961(a). Post-judgment interest rates are calculated "from the date of the entry of judgment at [the federal] rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding the date of judgment." 28 U.S.C. § 1961(a). The Second Circuit has found that a post-judgment award under 28 U.S.C. § 1961(a) is "mandatory." *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100 (2d Cir. 2004). Accordingly, I respectfully recommend that Plaintiff be awarded post-judgment interest on all sums awarded, commencing once the Clerk of the Court enters judgment and continuing until the date of payment.

**F. Statutory Damages under the NYLL**

Plaintiff further alleges that throughout the duration of his employment Defendants failed to provide him wage statements with each payment of wages. (Pl.'s Aff. ¶ 25; Compl. ¶ 47). The NYLL requires employers to provide employees with wage statements with each wage payment, i.e., paystubs. N.Y. LAB. LAW § 195(3). If an employer fails to provide a paystub, a plaintiff may recover $250 for each workday the employer failed to give the wage statement, not to exceed $5,000. N.Y. LAB. L. § 198(1-d).

Here, Plaintiff alleges that he never received a wage statement from Defendants at any point throughout the course of his employment. Because Plaintiff worked for more than 20 workdays without a paystub, he is entitled to recover the maximum statutory damages of $5,000

[11] $46.89 X 1,583 days = $74,226.87

under Section 195(3). Accordingly, I respectfully recommend that the Court award Plaintiff $5,000 in statutory damages.

**G. Attorney's Fees**

In addition to unpaid overtime wages, liquidated damages and statutory damages, the FLSA and NYLL allow prevailing employees to collect "a reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b); N.Y. LAB. L. § 198; *see also Juarez v. Precision Apparel*, 12-CV-2349 (ARR) (VMS), 2013 U.S. Dist. LEXIS 131418, at *35 (E.D.N.Y. Aug. 21, 2013) ("Both the FLSA and New York state law provide for an award of reasonable attorney's fees and costs."). The fee application must be supported by "contemporaneous time records" that specify "for each attorney, the date, the hours expended, and the nature of the work done." *Koon Chun Hing Kee Soy & Sauce Factory v. Kun Fung USA Trading Co*., No. 07-CV-2568 (JG) (SMG), 2012 U.S. Dist. LEXIS 68117, at *34 (E.D.N.Y. Jan. 20, 2012); *N.Y.S. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). In the Second Circuit, the prevailing party can recover a "presumptively reasonable fee," which is calculated by multiplying the hours counsel reasonably spent on the litigation by a "reasonable hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008). "The party seeking reimbursement of attorney[s'] fees bears the burden of proving the reasonableness and necessity of the hours spent and rates charged." *Dacas v. Duhaney*, No. 17-CV-3568 (EK) (SMG), 2020 U.S. Dist. LEXIS 107943, at *5 (E.D.N.Y. June 18, 2020) (quoting *Fermin*, 93 F. Supp. 3d at 525); *see generally Carey*, 711 F.2d at 1148.

Here, Plaintiff requests $5,995 in attorney's fees for 25.3 hours billed by three employees of Pechman Law Group, PLLC: Louis Pechman, Esq. ("Pechman"), Gianfranco J. Cuadra, Esq. ("Cuadra"), and Cristina Brito ("Brito"). In support of Plaintiff's claim for attorney's fees,

Pechman submitted a Declaration and accompanying billing records. Below is a chart of the fees and hours requested for each employee:

| Attorney | Requested Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Louis Pechman, Esq. | $600/hour | .9 | $540 |
| Gianfranco J. Cuadra, Esq. | $400/hour | 8.6 | $3,440 |
| Cristina Brito | $125/hour | 15.8 | $1,975 |
| | | TOTAL | $5,955 |

**i. Reasonable Hourly Rates**

It must first be determined if the requested hourly rates are reasonable. A reasonable hourly rate reflects "what a reasonable, paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184. "This rate should be based on rates 'prevailing in the community for similar services of lawyers of reasonably comparable skill, experience and reputation.'" *Dacas*, 2020 U.S. Dist. LEXIS 107943, at *5 (quoting *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998)) (collecting cases). As for reasonable hourly rates in comparable cases, "[c]ourts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, [and] $100 to $200 for junior associates." *Martinez v. New 168 Supermarket LLC*, 19-CV-4526 (CBA) (SMG), 2020 WL 5260579, at *8 (E.D.N.Y. Aug. 19, 2020) (citations omitted), *R & R adopted by* 2020 WL 5259056 (Sept. 3, 2020); *see e.g.*, *Rodriguez,* 2019 U.S. Dist. LEXIS 144840, at *8; *Hernandez v. Delta Deli Mkt. Inc*., No, 18-CV-00375 (ARR) (RER), 2019 U.S. Dist. LEXIS 23756, at *10 (E.D.N.Y. Feb. 12, 2019).

The experience of the attorneys requesting fees are described below:

**a. Louis Pechman**

The court acknowledges Pechman's significant and specialized experience, as well as his reputation in this District. Pechman is the founding partner of Pechman Law Group, PLLC with

over 35 years' experience in labor and employment law. (Pechman Decl. ¶ 22). Over the past several years, Pechman has handled over three hundred FLSA wage-and-hour cases, representing both employees and employers, including Fortune 500 corporations. (*Id.* ¶ 24). He is a frequent lecturer on labor and employment law topics and has been selected as a Fellow of the American Bar Association. (*Id.* ¶¶ 25–26). He provides a detailed description of his accomplishments and recognition by his peers.[12] (Id. ¶¶ 24–26). His qualifications merit an award slightly above the rates currently awarded in this District. Indeed, this Court frequently awards Pechman an hourly rate of $500.[13] *See, e.g.*, *Cortes v. Juquila Mexican Cuisine Corp.*, No. 17-CV-3942 (RER), 2021 U.S. Dist. LEXIS 60374, at *13 (E.D.N.Y. Mar. 29, 2021); *Sajvin v. Singh Farm Corp.*, No. 17-CV-04032 (AMD) (RER), 2018 WL 4214335, at *9 (E.D.N.Y. Aug. 13, 2018) (awarding $500 per hour), *R & R adopted by* WL 4211300 (E.D.N.Y. Sept. 4, 2018); *Eren v. Gulluoglu, LLC*, No. 15-CV-4083 (DLI) (RER) (E.D.N.Y. Aug. 28, 2018) (same); *see also Hernandez v. Boucherie LLC*, No. 18 Civ. 7887 (VEC), 2019 WL 3765750, at *4 (S.D.N.Y. Aug. 8, 2019) (collecting cases) (reducing Pechman's hourly rate to "a very generous" $500). Accordingly, a rate of $500 per hour is appropriate.

---

[12] Pechman's argument that the requested attorneys fees are reasonable because they fall below the "Real Rate" for partners in the "2018 Real Rate Reporter thru September 2018" by Wolters Kluwer is unpersuasive. (Pechman Decl. ¶ 36). As this court has previously noted, "The report's methodology is opaque; it claims to be based on 'the actual hours and fees law firm personnel billed' from 2007-2011 but does not explain whether its sample is representative of the New York market as a whole—i.e., whether its sample is skewed toward litigation partners working for large corporate law firms—or how it normalizes the data. . . . Finally, in capturing data from 2007-2011, the report reflects historic rates more than current rates." *Cortes v. Juquila Mexican Cuisine Corp.*, No. 17-CV-3942 (RER), 2021 U.S. Dist. LEXIS 60374, at *12 (E.D.N.Y. Mar. 29, 2021) (quoting *Hicks v. Vane Line Bunkering, Inc.*, No. 11 Civ. 8158 (KBF), 2013 WL 1747806, at *9 (S.D.N.Y. Apr. 16, 2013) (referring to the 2012 Real Rate Repord), *aff'd sub nom. Hicks v. Tug PATRIOT*, 783 F.3d 939 (2d Cir. 2015). Accordingly, the Real Rate Report is insufficient to warrant a higher fee in this district.

[13] To support his request for a higher hourly rate, Pechman cites to fees he was awarded in the Southern District of New York. (*Id*. ¶ 28; Pl.'s Mem. at 20-21). However, "rates in the [SDNY] are higher than the rates in this District." *Torcivia v. Suffolk Cnty*., 437 F. Supp. 3d 239, 252 (E.D.N.Y. 2020) (citing *Simmons v. N.Y.C. Transit Auth*., 575 F.3d 170, 177 (2d Cir. 2009). Accordingly, the fact that Pechman was awarded higher fees in the S.D.N.Y. does not warrant higher fees in this District.

**b. Gianfranco J. Cuadra**

Cuadra was the primary associate who worked on this action. (Pechman Decl. ¶ 29). He has been an attorney for just over ten years and has been actively involved in the litigation of over seventy-five wage and hour cases and has taken on significant responsibility in the casework. (*Id.* ¶ 29). Based on the above referenced case law, I respectfully recommend that Cuadra's hourly rate be reduced to $325 per hour. *See Cohetero v. Stone & Tile Inc.*, No. 16-CV-4420 (KAM) (SMG), 2018 WL 565717, at *5 (E.D.N.Y. Jan. 25, 2018) (awarding $375 hourly rate for an attorney with "fifteen years' practice experience, including significant experience in FLSA and NYLL lawsuits.")

**c. Paralegal Brito**

Plaintiff's Counsel also seeks to recover fees on behalf of Cristina Brito, a paralegal at the firm. (*Id.* ¶ 31). She has worked as a paralegal for at least nine years and is currently a fourth-year law student. (*Id.*) The Billing Records reflect that she assisted with the drafting of pleadings, as well as administerial tasks associated with the case. "The average compensation rate for non-attorney support staff is $90 per hour in this district." *Martinez v. City of New York*, 330 F.R.D. 60, 71 (E.D.N.Y. 2019) (collecting cases); *Hernandez*, 2019 U.S. Dist. LEXIS 23756, at *25 ("courts in the Eastern District have found that $90–$100 is a reasonable rate for paralegals.") Accordingly, I respectfully recommend that Martinez' rate be reduced to $100/hour.

**ii. Reasonable Hours Expended**

"The second component of calculating attorneys' fees is determining the reasonable number of hours expended on the litigation." *Hernandez*, 2019 U.S. Dist. LEXIS 23756, at *25. "In determining the proper number of hours for which a party should be compensated, the court 'should exclude excessive, redundant or otherwise unnecessary hours . . . ." *Elvey*, 2019 U.S. Dist.

LEXIS 112908, at *13 (quoting *Quaratino v. Tiffany Co*., 166 F.3d 422, 425 (2d Cir. 1999)). If the Court finds "that some of the time was not reasonably necessary . . . it should reduce the time for which compensation is awarded accordingly." *Louis Vuitton Malletier, S.A. v. LY USA, Inc*., 676 F.3d 83, 111 (2d Cir. 2012). Here, Pechman's submissions establish the reasonableness of the 25.3 hours expended on this action. Accordingly, I respectfully recommend that Plaintiff be awarded $4,825 in attorney's fees.

Based on the above reduced rates, the attorney fees should be adjusted as follows:

| Employee | Adjusted Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Louis Pechman, Esq. | $500/hour | .9 | $450 |
| Gianfranco J. Cuandra, Esq. | $325/hour | 8.6 | $2,795 |
| Cristina Brito. | $100/hour | 15.8 | $1,580 |
| | | TOTAL | $4,825 |

**H. Costs**

Plaintiff is also entitled to recover reasonable costs under the FLSA and NYLL. 29 U.S.C. § 216(b); N.Y. LAB. L. 663(1); *see also Perez v. Queensboro Yang Cleaner, Inc.*, No. 14-CV-7310 (SJ) (JO), 2016 WL 1359218, at *8 (E.D.N.Y. Mar. 17, 2016), *R & R adopted by* 2016 WL 1337310 (Apr. 5, 2016). Plaintiff seeks $564.81 in costs, including the filing fee, fees for service of process, and FedEx charges. (Dkt. No. 39-8). Plaintiff provides copies of the relevant receipts. (Dkt. No. 18-9). Plaintiff has submitted sufficient documentary evidence for these costs. *Tacuri*, 2015 U.S. Dist. LEXIS 22074, at *14 (noting that a court can take judicial notice of the court's filing fee and award it without Plaintiffs having submitted supporting evidence). Accordingly, I respectfully recommend that Plaintiff recover $564.81 in costs.


**CONCLUSION**

For the reasons set forth above, I respectfully recommend that Plaintiff's Motion for Default Judgment be granted in part and that the Defendants, jointly and severally, are liable for damages in the amount of $464,943.44, itemized as follows: (1) $190,163.38 in compensatory damages; (2) $190,163.38 in liquidated damages; (3) $74,226.87 in prejudgment interest through May 7, 2021, to increase by $46.89 for each day thereafter; (4) $5,000 in statutory damages under the NYLL; (5) $4,825 in attorneys' fees; (5) $564.81 in costs; and (6) post-judgment interest from the date of entry of judgment in accordance with 28 U.S.C. § 1961(a).

Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable LaShann DeArcy Hall within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs*., 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED

**/s/ Ramon E. Reyes, Jr.**
RAMON E. REYES, JR.
United States Magistrate Judge

Dated: May 7, 2021
Brooklyn, NY